# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>337 Raymond Hill Road, Raymond, ME 04071 |
| **Laurie Salamone** | Mortgage:<br>February 21, 2003<br>Book 18934, Page 277 |
| **Defendant**<br>**TD Bank NA fka Banknorth, N.A.**<br>**Phil Gagnon Oil Company**<br>**Capital One Bank (USA), N.A.**<br>**Midland Funding LLC**<br>**First Resolution Investment Corporation**<br><br>**Party-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Laurie Salamone, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants, Laurie Salamone and Bruce A. Partridge, are the obligor and the total amount owed under the terms of the Note is One Hundred Twenty-Eight Thousand Six Hundred Forty-Six and 07/100 ($128,646.07) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45202.

5. The Defendant, Laurie Salamone, is a resident of Raymond, County of Cumberland and State of Maine.

6. The Party-in-Interest, Capital One Bank (USA) NA, is located at 1680 Capital One Drive, McLean, VA 22102.

7. The Party-in-Interest, First Resolution Investment Corporation, is located at c/o Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

8. The Party-in-Interest, Midland Funding LLC, is located at c/o Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

9. The Party-in-Interest, Phil Gagnon Oil Company, is located at 1250 Roosevelt Trail, Raymond, ME 04071.

10. The Party-in-Interest, TD Bank NA fka Banknorth NA, is located at One Portland Square, Portland, ME 04101.

## FACTS

11. On March 23, 1995, by virtue of a Warranty Deed from Daniel J. Marston and Patricia M. Marston, which is recorded in the Cumberland County Registry of Deeds in **Book 11859, Page 161**, the property situated at 337 Raymond Hill Road, City/Town of Raymond, County of Cumberland, and State of Maine, was conveyed to Bruce A. Partridge and Laurie Salamone, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

12. On February 21, 2003, Laurie Salamone and Bruce A. Partridge, executed and delivered to GMAC Bank a certain Note under seal in the amount of $100,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

13. To secure said Note, on February 21, 2003, Laurie Salamone and Bruce A. Partridge executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Bank, securing the property located at 337 Raymond Hill Road, Raymond, ME 04071 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 18934**, **Page 277**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to GMAC Mortgage LLC by virtue of an Assignment of Mortgage dated September 23, 2011 and recorded in the Cumberland County Registry of Deeds in **Book 29101**, **Page 258**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Ocwen Loan Servicing, LLC by virtue of an Assignment of Mortgage dated May 1, 2013 and recorded in the Cumberland County Registry of Deeds in **Book 30629**, **Page 268**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. Upon information and belief, Bruce A. Partridge died on July 23, 2013.

17. The Mortgage was further assigned to Ocwen Loan Servicing, LLC by virtue of a Quitclaim Assignment dated June 29, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32535**, **Page 82**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

18. The Mortgage was then assigned to Federal Home Loan Mortgage Corporation by virtue of an Assignment of Mortgage dated August 26, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32567**, **Page 192**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

19. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated February 6, 2017 and recorded in the Cumberland County Registry of Deeds in **Book 33816**, **Page 167**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

20. On October 1, 2011, the Defendants, Laurie Salamone and Bruce A. Partridge, executed a Loan Modification Agreement which increased the principal amount of the Note to $62,717.13 (herein after referred to as the "Loan Modification"). *See* Exhibit I (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

21. On April 5, 2019, the Defendant, Laurie Salamone, executed a Loan Modification Agreement which increased the principal amount of the Note to $125,286.59 (herein after

referred to as the "Loan Modification").  *See* Exhibit J (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

22. On March 29, 2021, the Defendant, Laurie Salamone, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit K (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

23. The Demand Letter informed the Defendant, Laurie Salamone, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit K.

24. The Defendant, Laurie Salamone, failed to cure the default prior to the expiration of the Demand Letter.

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

28. TD Bank NA fka Banknorth, N.A. is a Party-in-Interest pursuant to a Mortgage in the amount of $20,000.00 dated September 30, 2004, and recorded in the Cumberland County Registry of Deeds in **Book 21938**, **Page 281** and is in second position behind Plaintiff's Mortgage.

29. Phil Gagnon Oil Company is a Party-in-Interest pursuant to a Notice of Lien in the amount of $495.33 dated June 16, 2006, and recorded in the Cumberland County Registry of Deeds in **Book 24115**, **Page 139** and is in second position behind Plaintiff's Mortgage.

30. Capital One Bank (USA), N.A. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $5,571.40 dated November 15, 2009, and recorded in the Cumberland County Registry of Deeds in **Book 27569**, **Page 162** and is in third position behind Plaintiff's Mortgage.

31. Midland Funding LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $898.81 dated August 2, 2010, and recorded in the Cumberland County Registry of Deeds in **Book 27994**, **Page 256** and a Writ of Execution in the amount of $717.33 dated November 29, 2010, and recorded in the Cumberland County Registry of Deeds in **Book 28427**, **Page 42** is in fourth and fifth position behind Plaintiff's Mortgage.

32. First Resolution Investment Corporation is a Party-in-Interest pursuant to a Writ of Execution in the amount of $4,125.61 dated May 31, 2011, and recorded in the Cumberland County Registry of Deeds in **Book 28964**, **Page 154** and a Writ of Execution in the amount of $2,844.90 dated July 8, 2011, and recorded in the Cumberland County Registry of Deeds in **Book 29276**, **Page 301** and is in sixth and seventh position behind Plaintiff's Mortgage.

33. The total debt owed under the Note and Mortgage as of July 9, 2021 is One Hundred Twenty-Eight Thousand Six Hundred Forty-Six and 07/100 ($128,646.07) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $126,497.96 |
| Interest | $3,509.89 |
| Escrow Advance | $10,711.19 |
| Suspense Balance | $-1.89 |

| | |
|---|---|
| Recoverable Balance | $1,870.00 |
| Restricted Escrow | $-13,941.08 |
| Grand Total | $128,646.07 |

34. Upon information and belief, the Defendant, Laurie Salamone, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

35. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 337 Raymond Hill Road, Raymond, County of Cumberland, and State of Maine. *See* Exhibit A.

37. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 12 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure and sale upon the subject property.

38. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

39. The Defendant, Laurie Salamone, is presently in default on said Mortgage and Note, having failed to make the monthly payment due May 1, 2019, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

40. The total debt owed under the Note and Mortgage as of July 9, 2021 is One Hundred Twenty-Eight Thousand Six Hundred Forty-Six and 07/100 ($128,646.07) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $126,497.96 |
| Interest | $3,509.89 |
| Escrow Advance | $10,711.19 |
| Suspense Balance | $-1.89 |
| Recoverable Balance | $1,870.00 |
| Restricted Escrow | $-13,941.08 |
| Grand Total | $128,646.07 |

41. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

42. By virtue of the Defendant, Laurie Salamone's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

43. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Laurie Salamone, on March 29, 2021, evidenced by the Certificate of Mailing. *See* Exhibit K.

44. The Defendant, Laurie Salamone, is not in the Military as evidenced by the attached Exhibit L.

## COUNT II – BREACH OF NOTE

45. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. On February 21, 2003, Laurie Salamone and Bruce A. Partridge, executed under seal and delivered to GMAC Bank a certain Note in the amount of $100,000.00. *See* Exhibit B.

47. The Defendant, Laurie Salamone is in default for failure to properly tender the May 1, 2019 payment and all subsequent payments. *See* Exhibit K.

48. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Laurie Salamone.

49. The Defendant, Laurie Salamone, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

50. The Defendant Laurie Salamone's breach is knowing, willful, and continuing.

51. The Defendant Laurie Salamone's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

52. The total debt owed under the Note and Mortgage as of July 9, 2021, if no payments are made, is One Hundred Twenty-Eight Thousand Six Hundred Forty-Six and 07/100 ($128,646.07) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $126,497.96 |
| Interest | $3,509.89 |
| Escrow Advance | $10,711.19 |
| Suspense Balance | $-1.89 |
| Recoverable Balance | $1,870.00 |
| Restricted Escrow | $-13,941.08 |
| Grand Total | $128,646.07 |

53. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

54. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. By executing, under seal, and delivering the Note, the Defendant, Laurie Salamone, entered into a written contract with GMAC Bank who agreed to loan the amount of $100,000.00 to the Defendants. *See* Exhibit B.

56. As part of this contract and transaction, the Defendant, Laurie Salamone, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

57. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to GMAC Bank, and has performed its obligations under the Note and Mortgage.

58. The Defendant, Laurie Salamone, breached the terms of the Note and Mortgage by failing to properly tender the May 1, 2019 payment and all subsequent payments. *See* Exhibit K.

59. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Laurie Salamone.

60. The Defendant, Laurie Salamone, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

61. The Defendant, Laurie Salamone, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of One Hundred Twenty-Eight Thousand Six Hundred Forty-Six and 07/100 ($128,646.07) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendant.

62. Defendant Laurie Salamone's breach is knowing, willful, and continuing.

63. Defendant Laurie Salamone's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

64. The total debt owed under the Note and Mortgage as of July 9, 2021, if no payments are made, is One Hundred Twenty-Eight Thousand Six Hundred Forty-Six and 07/100 ($128,646.07) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $126,497.96 |
| Interest | $3,509.89 |
| Escrow Advance | $10,711.19 |
| Suspense Balance | $-1.89 |
| Recoverable Balance | $1,870.00 |
| Restricted Escrow | $-13,941.08 |
| Grand Total | $128,646.07 |

65. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

66. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 65 as if fully set forth herein.

67. GMAC Bank, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendant Laurie Salamone, $100,000.00. *See* Exhibit B.

68. The Defendant, Laurie Salamone, is in default for failure to properly tender the May 1, 2019 payment and all subsequent payments. *See* Exhibit K.

69. As a result of the Defendant Laurie Salamone's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

70. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

71. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 70 as if fully set forth herein.

72. GMAC Bank, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Laurie Salamone, $100,000.00. *See* Exhibit B.

73. The Defendant, Laurie Salamone, has failed to repay the loan obligation.

74. As a result, the Defendant, Laurie Salamone, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to GMAC Bank by having received the aforesaid benefits and money and not repaying said benefits and money.

75. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Laurie Salamone, is in breach of the Note by failing to make payment due as of May 1, 2019, and all subsequent payments;

d) Find that the Defendant, Laurie Salamone, is in breach of the Mortgage by failing to make payment due as of May 1, 2019, and all subsequent payments;

e) Find that the Defendant, Laurie Salamone, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Laurie Salamone, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due May 1, 2019 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Laurie Salamone has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j) Find that the Defendant, Laurie Salamone, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k) Find that the Defendant, Laurie Salamone, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Laurie Salamone, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Laurie Salamone, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Laurie Salamone;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Laurie Salamone, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of One Hundred Twenty-Eight Thousand Six Hundred Forty-Six and 07/100 ($128,646.07 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9
Master Participation Trust,
By its attorneys,

Dated: July 20, 2021

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com