When Recorded Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117 ⑦

[Space Above This Line For Recording Data]

Freddie Mac Loan #:

This document was prepared by:

~~After recording please return~~ to: GMAC Mortgage, LLC
Attention: Loss Mitigation Department
3451 Hammond Avenue
Waterloo, IA 50702-5345
Custodian ID: RA1

THIS MODIFICATION IS TO BE EXECUTED IN DUPLICATE ORIGINALS.
ONE ORIGINAL IS TO BE AFFIXED TO THE ORIGINAL NOTE AND
ONE ORIGINAL IS TO BE RECORDED IN THE LAND RECORDS WHERE
THE SECURITY INSTRUMENT IS RECORDED.

## LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

"Intangible tax is not required to be paid on any instrument that modifies by extension, transfer, assignment, or renewal, or gives additional security for an existing note, when the intangible recording tax has been paid on the original instrument, or the original note, or holder of the original instrument was exempt."

This Loan Modification Agreement ("Modification"), is effective October 1, 2011, between BRUCE A. PARTRIDGE MARRIED LAURIE SALAMONE MARRIED ("Borrower") and GMAC Mortgage, LLC Lender\Servicer or Agent for Lender\Servicer ("Lender"), Mortgage Electronic Registration Systems, Inc. (Mortgagee) amends and supplements (1) the Note (the "Note") made by the Borrower, dated February 21, 2003, and granted or assigned to Mortgage Electronic Registration Systems, Inc. as mortgagee of record (solely as nominee for Lender\Servicer or Agent for Lender\Servicer), P. O. Box 2026, Flint, Michigan 48501-2026, (888)-679-MERS in the original principal sum of U.S. One Hundred Thousand Dollars and No Cents ($ 100,000.00) and (2) the Mortgage, Deed of Trust or Deed to Secure Debt (the "Security Instrument"), recorded on, February 26, 2003 with Instrument Number 20516 in Book 18934 and/or Page Number(s) 277, of the official Records of CUMBERLAND County, ME [County and state, or other jurisdiction]. The Security Instrument, which was entered into as security for the performance of the Note, encumbers the real and personal property described in the Security Instrument (and defined in the Security Instrument as the "Property"), which is located at 337 RAYMOND HILL RAYMOND ME 04071. That real property is described as follows:



EXHIBIT
I

See Attached Sheet.

The Borrower has requested that the Lender modify the terms of the Note and Security Instrument. The Lender has agreed to do so pursuant to the terms and conditions stated in this Modification. In consideration of the agreements made in this Modification, and other good and valuable consideration which the parties agree they have received, the Borrower and Lender agree to modify the terms of the Note and Security Instrument as follows. The Borrower and the Lender agree that the provisions of this Modification supersede and replace any inconsistent provisions set forth in the Note and Security Instrument.

1. The Borrower represents that the Borrower _X_ is, ___ is not, the occupant of the Property.

2. The Borrower acknowledges that interest has accrued but not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and the Security Instrument, and that such interest, costs and expenses, in the total amount of $4,402.72, have been added to the indebtedness under the terms of the Note and Security Instrument. As of October 1, 2011, the amount, including such amounts which have been added to the indebtedness (if any), payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. $62,717.13.

3. The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender, until the Unpaid Principal Balance has been paid. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 5.25000%, beginning October 1, 2011. The Borrower promises to make monthly payments of principal and interest of U.S. $346.32 beginning on the November 1, 2011, and continuing thereafter on the same day of each succeeding month. If on October 1, 2041 the ("Modified Maturity Date") the Borrower still owes amounts under the Note and Security Instrument, as amended by this Modification, the Borrower will pay these amounts in full on the Modified Maturity Date. The Borrower will make such payments at 3451 Hammond Avenue, Waterloo, IA 50702-5345 or at such other place as Lender may require.

4. If at any time the Borrower is in default, the Lender may, by providing a written notice to the Borrower, notify the Borrower that the Borrower is in default and that the interest which will be charged on the Unpaid Principal Balance may be increased to a yearly rate of 5.250% beginning on an effective date stated in the above notice. That date will be at least 30 days after the date on which the notice is delivered or mailed to the Borrower. If the Borrower defaults, the Lender may, at its election, require the Borrower to pay immediately the Unpaid Principal Balance that remains unpaid at that time, all interest that has accrued but not been paid, and any other sums that are evidenced are secured by the Note and Security Instrument. If the Lender does not require that such payment be made immediately, the Borrower shall pay an increased monthly payment that will be based on upon the interest rate stated in this Paragraph 4 instead of the interest rate stated in Paragraph 3. <u>The Borrower acknowledges that the increased rate of interest will only be charged if the Borrower does not meet its obligations under the Note and Security Instrument, as modified by this Modification.</u>

5. Except to the extent that they are modified by this Modification, the Borrower will comply with all of the covenants, agreements, and requirements of the Note and the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument.

6. Nothing in this Modification shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Modification, the Note and the Security Instrument will remain unchanged and in full effect, and the Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Modification.

7. Borrower releases Servicer, its subsidiaries, affiliates, agents, officers and employees, from any and all claims, damages or liabilities of any kind existing on the date of this Agreement, which are in any way connected with the origination and/or servicing of the Loan, and/or events which resulted in Borrower entering into this Agreement. Borrower waives any rights which Borrower may have under federal or state statutes or common law principal which may provide that a general release does not extend to claims which are not known to exist at the time of execution, including without limitation (if applicable), California Civil code Sec. 1542, which provides as follows: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

8. If one or more riders are executed by the Borrower and recorded together with this Modification, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Modification as if the rider(s) were a part of this Modification. [Check applicable box(es)]

    1-4 Family Rider - Assignment of Rents

    Modification due on transfer rider

[To be signed by all Borrowers, endorsers, guarantors, sureties, and other parties signing the Note or Security Instrument].


Mortgage Electronic Registration Systems, Inc as nominee for Lender

By: _Alece Decker_
Authorized Officer

Date: 11/29/11

**LENDER ACKNOWLEDGMENT**

[Space Below This Line for Acknowledgment in Accordance with Laws of Jurisdiction]

Witness Signature _Jennifer K Rullo_  _Bruce Partridge_ (Seal)
Print _Jennifer K Rullo_    BRUCE A. PARTRIDGE

Witness Signature _Jennifer K Rullo_  _Laurie Salamone_ (Seal)
Print _Jennifer K Rullo_    LAURIE SALAMONE

Witness Signature _____  _____ (Seal)
Print _____

Witness Signature _____  _____ (Seal)
Print _____

JENNIFER K. RULLO
Notary Public
Maine
My Commission Expires
March 14, 2014

MULTISTATE LOAN MODIFICATION- Single Family- Freddie Mac

**Modification Due on Transfer**

THIS MODIFICATION DUE ON TRANSFER RIDER, effective the 11/9/2011, is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date made by BRUCE A. PARTRIDGE LAURIE SALAMONE (the "Borrower") and GMAC Mortgage, LLC (the "Lender") covering the Property described in the Loan Modification Agreement located at:

337 RAYMOND HILL RAYMOND ME 04071

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

A. Notwithstanding any other covenant, agreement or provision of the Note and Security Instrument, as defined in the Loan Modification Agreement, the Borrower agrees as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of the Loan Modification Agreement.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

B. Except as otherwise specifically provided in this Modification Due On Transfer Rider, the Loan Modification Agreement, the Note and Security Instrument will remain unchanged and in full effect.

21/11/11
Date

_____ (Seal)
BRUCE A. PARTRIDGE -Borrower

11-21-11
Date

_____ (Seal)
LAURIE SALAMONE -Borrower

_____
Date

N/A _____ (Seal)

_____
Date

_____ (Seal)

Mortgage Electronic Registration Systems, Inc as nominee for Lender

11/29/11
Date

By: _____

Mortgage Electronic Registration Systems Inc., as nominee for GMAC Mortgage, LLC

By: *Alice Decker* 11/29/11
Alice Decker

Authorized Officer

LENDER ACKNOWLEDGMENT

State of Iowa
County of Linn

On this 29 day of Nov 2011, before me, the undersigned Notary Public in and for said county and state, personally appeared Alice Decker, personally known to me or identified to my satisfaction to be the person who executed the within instrument as Authorized Officer of Mortgage Electronic Registration Systems Inc., as nominee for GMAC Mortgage, LLC and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.



Witness my hand and official seal.

*Kim Hoffman*
Notary Public
My Commission Expires: 12/7/2013

KIM HOFFMAN
COMMISSION NO. 765770
MY COMMISSION EXPIRES
DECEMBER 07, 2013

"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a sperate corporation that is acting soley as nominee for Lender and Lender's successors and assigns. MERS is the [Mortgagee] [Beneficiary] of record under the Security Instrument and this Agreement. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel (888) 679-MERS.